```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
           STATESVILLE DIVISION
             5:09CV113-02-V
               (5:07CR4-V)
```

| | |
|---|---|
| JOSHUA PETER SHIELDS,  )  <br>     Petitioner,     ) <br>                            ) <br>       v.              ) <br>                          ) <br> UNITED STATES OF AMERICA,  ) <br>     Respondent.     ) | **O R D E R** |

    **THIS MATTER** is before this Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed October 12, 2009.  After having carefully reviewed that pleading, the record of Petitioner's criminal case, and the relevant legal precedent, the Court concludes -- out of an abundance of caution -- that Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him timely to pursue a direct appeal of his underlying criminal case.

                  **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

    Pertinent to this motion, the record reflects that on February 13, 2007, a Bill of Information was filed charging Petitioner with possession of child pornography, in violation of 18 U.S.C. § 2252 (a)(4)(B).  (Case No. 5:07CR4-V, document # 1). Also on that date, Petitioner filed a written Plea Agreement wherein he agreed to plead guilty; and he filed a Waiver of Indictment waiving his right to be charged by a grand jury.

(Case No. 5:07CR4-V, document ## 2 and 3). On December 17, 2007, Petitioner appeared before the Court for his Plea and Rule 11 Hearing during which he tendered his guilty plea to the charge. (Case No. 5:07CR4-V, document # 4: Entry and Acceptance of Guilty Plea form).

On February 25, 2008, the U.S. Probation Office filed its final Pre-Sentence Report recommending that Petitioner's be subject to 18 points worth of enhancements, ultimately resulting in a Total Offense Level of 33, a Criminal History Category of I, and a sentencing range of 135 to 168 months imprisonment. (Case No. 5:07CR4-V, document # 19). Petitioner filed multiple objections to the information and recommendations in that Report. On February 29, 2008, Petitioner filed a document requesting a downward variance to a probationary sentence. (Case No. 5:07CR4-V, document # 25).

On October 6, 2008, Petitioner appeared before the Court for his Factual Basis and Sentencing Hearing. During that proceeding, the Court adopted the Pre-Sentence Report without modification. (Case No. 5:07CR4-V, document # 31). However, the Court also determined that a 20% downward variance was warranted, but then mistakenly sentenced Petitioner to a term of 102 months imprisonment. (Case No. 5:07CR4-V, document # 32). Thereafter, on October 14, 2008, the Court entered an Order explaining that a 20% reduction in Petitioner's sentencing range actually resulted

in a term of 96 months. (Case No. 5;07CR4-V, document # 29). Accordingly, the Court's Judgment reflects a sentence of 96 months imprisonment. (Case No. 5:07CR4-V, document # 30). No appeal was filed in this case.

Rather, on October 12, 2009, Petitioner through habeas counsel filed the instant Motion to Vacate complaining that although Petitioner asked his attorneys to file an appeal they failed to honor his request (document # 1). According to the Motion to Vacate, one or both of Petitioner's attorneys erroneously told him that he could not pursue an appeal due to the waiver provision in his Plea Agreement.

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel -- irrespective of the merits of the

3

appeal.  See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial."  In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal.  492 F.3d at 273.  Essentially, the Court observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him.  Id.  See also Rodriquez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

In the instant case, Petitioner expressly has alleged that he asked and/or directed his attorneys to appeal his sentence but counsel failed to comply with his request/directive.  Under these

4

circumstances, the attorneys' failures to honor Petitioner's instruction that they file an appeal for Petitioner violates the principles announced in Peak and reaffirmed in its progeny, Poindexter.  Thus, even if the Government were to file a response containing an affidavit wherein Petitioner's former attorneys merely deny this allegation, the relevant legal precedent all but requires this Court to grant Petitioner's Motion to Vacate as to that limited issue in order to allow him to proceed with a direct appeal.

Accordingly, in light of the instant record the Court finds, out of an abundance of caution, that it should grant Petitioner's Motion, but only for the purpose of allowing him to file a direct appeal.  That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.  Therefore, the Court will vacate its Judgment and enter a new, identical Judgment so that Petitioner may appeal his conviction and/or sentence.

### III.  NOTICE OF APPELLATE RIGHTS

Mr. Shields, you hereby are advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court.  Upon your request, the

Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney. Notwithstanding whatever he may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

### IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That Petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing Petitioner timely to appeal his case;

2. That Petitioner's original Judgment is **VACATED** due to his attorneys' failures to honor Petitioner's request for an appeal;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as imposed in the original Judgment;

4. That Petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the Government is aware that former defense counsel have in their possession a document which

affirmatively establishes that Petitioner advised counsel that he did <u>not</u> want an appeal, such as a signed waiver, counsel for the Government may present such evidence to the Court by way of an appropriate request for reconsideration; and

    6. That the Clerk shall send copies of this Order to Petitioner and to the United States Attorney for the Western District of North Carolina.

    **SO ORDERED.**

Signed: October 19, 2009

Richard L. Voorhees
United States District Judge

7