IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-00168-RLV
(5:07-CR-00004-RLV-CH-1)

| | |
|---|---|
| **JOSHUA PETER THOMAS SHIELDS,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255, and the Respondent's motion to dismiss. For the reasons that follow, Petitioner's section 2255 motion will be denied and dismissed.

## I.  BACKGROUND

On February 13, 2007, Petitioner was charged by Information within the Western District with knowingly possessing one or more books, magazines, periodicals, films, video or other matter which contained visual depiction of minors, and with such materials having first traveled in interstate commerce. In particular, the Information charged Petitioner with knowing possession of numerous computer video images of minors engaging in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), all in violation of 18 U.S.C. § 2252(a)(4)(B). (5:07-CR-00004-RLV, Doc. No. 1: Information). That same day, through counsel, Petitioner entered into a written plea agreement with the Government, and later waived his right to be charged by indictment.

1

On February 21, 2007, Petitioner appeared with counsel before a U.S. Magistrate Judge for his Plea and Rule 11 hearing. Petitioner was placed under oath and the court explained that he could face prosecution for perjury if he made false statements during the hearing. The court explained in detail the charges against Petitioner and the maximum penalty of a ten-year term of imprisonment and a fine of up to $250,000 upon conviction and Petitioner confirmed that he understood all of this. (Doc. No. 44: Tr. of Rule 11 Hearing at 2-4). The court explained that the district court would only be able to calculate his sentence after consulting the presentence report ("PSR") which would be prepared in advance of his sentencing hearing, and that he could receive a sentence that was either higher or lower than that called for by the Sentencing Guidelines. Petitioner averred that he understood that if the sentence was more severe than he anticipated, that he would still be bound by his guilty plea and could not later withdraw it. (Id. at 5-6). The court further explained that Petitioner had the right to plead not guilty and proceed to a trial by jury where the Government would have to prove the charge against him beyond a reasonable doubt, and that he could present a defense and examine witnesses against him. Petitioner acknowledged that he was waiving these rights by entering his guilty plea and that one more hearing would be conducted; namely, Petitioner's sentencing hearing where the district court would determine whether there was a factual basis to support his guilty plea. (Id. at 7). Petitioner further averred that he was waiving his right to appeal his conviction or sentence or to contest the conviction or sentence through a collateral proceeding, except on the grounds of prosecutorial misconduct or ineffective assistance of counsel.

Petitioner confirmed that he was in fact guilty of the charge in his Information and the Government then summarized the terms of his plea agreement. Among other important terms,

the Petitioner agreed that a computer was used in the transmission of the child pornography and that a two-level enhancement under the Guidelines was applicable to him. In the agreement, which was signed by Petitioner, he acknowledged that there were no other agreements that were not contained within the plea agreement, and Petitioner averred that he understood the terms of the plea agreement and agreed to be bound by its express terms. Petitioner verified that no one had threatened him or promised him anything other than what was contained within the plea agreement and that he was satisfied with the services of his attorney. The court found that based on Petitioner's signature on the plea agreement and his sworn answers during the Rule 11 hearing, that his plea of guilty was knowingly and voluntarily entered with full understanding of his potential punishment and the valuable rights he was waiving. Petitioner's plea of guilty was therefore accepted and recorded. (Doc. No. 4: Acceptance and Entry of Guilty Plea).

Following receipt of the draft of Petitioner's PSR, his counsel filed a motion for an independent examination of the computer equipment seized from Petitioner's residence. Specifically, counsel noted the proposed enhancement under USSG § 2G2.2 for specific offense characteristics, and moved for an opportunity to have the computer hard drive and digital evidence examined in order to prepare objections to the PSR. This motion was granted with the consent of the Government. (Doc. No. 13).

Petitioner's counsel filed several objections to the draft PSR including the following: Paragraph 16 (objection to the general age descriptions of the minors without inclusion of specific file names and paths, and to law enforcement providing age estimates of the minors without specialized training); ¶ 18 (objection to inclusion of victim-impact statements for images that were not properly identified or verified by the minor or her parents; that the use of these

images or statements violated Petitioner's Sixth Amendment right to confront the witness; and further, Petitioner objected to testimonial hearsay to support the findings in this paragraph); ¶ 24 (objection to a two-level enhancement under USSG § 2G2.2(b)(2) for possession of material involving minors under the age of twelve due to lack of authentication of the ages); ¶ 25 (objection to five-level enhancement under USSG § 2G2.2(b)(3)(B) for distribution of images for the receipt or expectation of receipt of a thing of value. Petitioner argued that as this conduct was already the subject of a two-level enhancement under paragraph 27 (use of a computer in transmission and/or receipt), this constituted impermissible double counting); ¶ 26 (objection to application of a four-level enhancement under USSG § 2G2.2(b)(4) for possession of images of minor children which portrayed sadistic or masochistic conduct); ¶ 27 (as noted, Petitioner specifically agreed in his plea agreement to the application of a two-level enhancement for use of a computer under USSG § 2G2.2(b)(6)); and ¶ 28 (objection to a five-level enhancement for offense involving 600 or more images under USSG § 2G2.2(b)(7)(D)). (Doc. No. 18)

In addition to these specific objections to proposed enhancements, Petitioner's counsel argued vigorously for a below the Guidelines sentence based on, among other things, Petitioner's age at the time the crime was committed which was seventeen years of age; Petitioner's extensive rehabilitative efforts through psychological counseling and in-patient treatment; Petitioner's lack of a criminal record; that Petitioner was not a candidate for recidivism; and his support from family, treatment providers and friends. (Id.).

After considering these objections, the probation officer largely retained the same recommendations and noted that the district court would have the responsibility of resolving the issues at sentencing. In calculating the sentence, the PSR noted the lack of criminal history

4

points and his category I status. The PSR identified the statutory range of no more than 10-years' imprisonment under 18 U.S.C. § 2252(b)(2), and based on the numerous proposed enhancements, a Guidelines range of 135 to 168 months. Consequently, because the Guideline range exceeded the statutory maximum, the Guideline range was reduced to 120-months. See USSG § 5G1.1(a). (Doc. No. 19: PSR ¶¶ 58-59).

In addition to the foregoing submission, Petitioner's counsel filed a thirty-page sentencing memorandum, including twenty-one pages of letters from family and friends in support of leniency. Petitioner's counsel argued for a below the Guidelines sentence involving probation. The memorandum detailed facts from Petitioner's life, facts related to his criminal conduct and provided extensive discussion of the § 3553(a) factors that the Court would consider in fashioning an appropriate sentence. Counsel cited several cases involving the possession of child pornography—rather than the production—and what sentence might be appropriate in those circumstances. (Doc. No. 25 at 7-8). For instance, in one case, the district court imposed a sentence of probation for conviction on one count of possession of child pornography for a defendant that was 18-years-old at the time of the offense. The court concluded that his age, his lack of threat to the community, his ongoing mental health treatment, his employment, and lack of further brushes with the law, supported such a sentence. (Id. at 14 (citing United States v. Polito, 215 Fed. App'x 354, 356-57(5th Cir. 2007); see also United States v. Smith, 275 Fed. App'x 184, (4th Cir. 2008) (unpublished) (affirming sentence of 24-months, over Government's objection, for possession of child pornography); United States v. Hanson, 561 F. Supp. 2d 1004 (E.D. Wis. 2008) (detailing reasons for sentence well-below the Guideline range, including discussion of § 3355(a) factors as applied to the defendant in that case).

5

The Government filed a response to Petitioner's objection to his PSR. Among other responses, the Government rejected the argument regarding file paths in paragraphs 16 and 24, noting that half of the paths were generated by Petitioner's forensic expert in his examination of the computer. Next, the Government argued that law enforcement's estimation of whether a child was under the age of twelve was permissible evidence. (Doc. No. 27: at 1-2 (citing <u>United States v. Deaton</u>, 328 F.3d 454, 456 (8th Cir. 2003)); and <u>United States v. Nelson</u>, 38 Fed. App'x 386, 392 (9th Cir. 2002)). In response to Petitioner's objection to paragraph 25 for application of the five-level enhancement under USSG § 2G2.2(b)(3)(B)—distribution for the receipt, or expectation of receipt, of a thing of value—the Government argued that this did not represent double counting when compared with use of a computer under paragraph 27 because the enhancements identified and included separate conduct. (<u>Id.</u> at 6). The Government also rejected Petitioner's objection to paragraph 26—a four-level enhancement for possession of images depicting sadistic, masochistic or other violent scenes—by citing the probation officer's review of numerous images seized from Petitioner in the search of his home which appeared to meet this definition under the Guidelines. (<u>Id.</u> at 7-9). Last, the Government responded to Petitioner's objection to paragraph 28 of the PSR, that is, a five-level enhancement for possession of 600 or more images. The Government noted that, notwithstanding Petitioner's protestation that he did not know that he was downloading videos containing child pornography, Petitioner, as a sophisticated computer user, knew or should have known that he was in fact downloading movies and not music based, in part, on the titles of the files he downloaded. (<u>Id.</u> at 9-10).

On October 6, 2008, Petitioner appeared with counsel for his sentencing hearing. Petitioner affirmed that his guilty plea was knowing and voluntary and that he understood the

nature of that charge and the possible penalties. Petitioner stated that he was fully satisfied with the services of his attorneys, and that he did in fact commit the offense charged in his Information. Petitioner and the Government stipulated that there was an independent factual to support the plea, and the Court found that given those stipulations, and the admissions of the Petitioner, that there was a factual basis to support the plea, and the plea was accepted as knowingly and voluntarily made, and a verdict of guilty was entered.

Petitioner confirmed that he had reviewed the contents of his PSR with his attorneys and that he understood its contents. Petitioner's counsel noted the number of written objections to the PSR, as previously reviewed herein, and informed the Court that Petitioner was prepared for the Court to rule on the objections as written. (Doc. No. 32: Sentencing Tr. at 1-5).[1]

The Government presented testimony from Detective Lori Shank, a special agent from the North Carolina State Bureau of Investigation, who participated extensively in the investigation of Petitioner's case. Det. Shank provided detailed testimony regarding her background—nineteen years as a special agent, and six years investigating child pornography crimes—and information which corroborated the details provided by the probation officer in the PSR. In fact, most of the factual content from the PSR was provided by examination of Det. Shank's case summaries.

Det. Shank described the investigation leading to the issuance of the state search warrant, the subsequent seizure of the computers from Petitioner's home, and the resulting forensic examination which led to the discovery of the child images described in the PSR. In her

---

[1] Petitioner's counsel withdrew the objection to paragraph 18 of the PSR. Counsel noted that the affidavit provided by the victim and her parents was sufficiently authenticated to be admitted and considered during the hearing. (Id. at 6).

7

testimony, she identified the ages of children who were abused in the videos and images, almost all under 12 at the time of the abuse as provided for in USSG § 2G2.2(b)(2), and she identified the file sharing technique employed by Petitioner and descriptions of the nature of the child pornography, much of it sadistic, masochistic, or violent.

After considering this evidence and the arguments of counsel, the Court overruled Petitioner's objections to the PSR to paragraphs 16, 18, 24-26 and 28, as it pertained to a challenge to the Guideline calculation. However, the Court noted that counsel could be heard on the issue of a possible variance based on arguments he raised in regard to paragraphs 24-26 and 28. (Sentencing Tr. at 39-40). The Court found that the Guideline calculation of 120-months' imprisonment was correct and the Government made no motion to depart from this number.

Before hearing from Petitioner's counsel, the Court first noted that it had reviewed all of the exhibits filed by Petitioner's counsel in advance of the hearing. Petitioner's counsel then proceeded with his presentation for sentencing. (Id. at 41). Counsel reiterated arguments from his written submissions to the Court, and argued in support of a probationary sentence based on Petitioner's "extraordinary rehabilitative efforts"; his adjustment to pretrial release; his age at the time of the offense; and his acceptance of responsibility. Petitioner's counsel reviewed case law supporting a sentence below the Guidelines, as detailed in the sentencing memorandum, and emphasized the factors in § 3553(a) and that the Guidelines were, of course, not mandatory.

Next, Petitioner presented testimony from several witnesses, including his counselor, Ronald Hood; Reverend John Padgett, a long-time acquaintance of Petitioner's family and his former counselor; Dr. Craig Ausmus, a long-time friend of the family that urged for a probationary sentence; Petitioner's parents; and Dr. Sharon Cooper who testified regarding her

8

opinion that Petitioner would not be a danger to repeat the offense, and that he would not benefit from incarceration.

After this presentation of evidence, Petitioner addressed the Court and expressed remorse for his conduct, and highlighted his ongoing rehabilitative treatment. The Government argued for active jail time and the Court considered the § 3553(a) factors and found that a sentence of 96-months' which was 20 percent off the Guideline range, and which the Court found was sufficient, but not greater than necessary to carry out the statutory objectives of § 3553(a). The Court noted the many efforts Petitioner had made through therapy, his age at the time of the offense, and his family support. (Doc. No. 30: Judgment in a Criminal Case). Following extensions of time to report to the Federal Bureau of Prisons ("BOP"), Petitioner was ordered to report no later than June 1, 2009. (Doc. No. 34).

On October 12, 2009, Petitioner, through counsel, filed a § 2255 motion to vacate his judgment contending that his trial counsel failed to file a direct appeal even after he expressly directed counsel to do so. Petitioner's § 2255 motion was granted for the limited purpose of vacating his judgment and entry of a new judgment—with all previous terms of the original judgment unchanged—from which he could file a direct appeal. (5:09-CV-00113-RLV, Doc. No. 2).

An amended judgment was entered on October 21, 2009. (5:07-CR-00004, Doc. No. 39) And Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. The appeal was later dismissed, however, based on the waiver contained in Petitioner's plea agreement. (Doc. No. 45). (5:10-CV-00168-RLV, Doc. No. 1 at 2).

In the present Section 2255 motion, Petitioner raises three claims of ineffective assistance

of counsel and one claim contending that his right to due process was violated by his criminal judgment. The claims, and the Government's response, will be discussed herein.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. A petitioner seeking post-conviction relief bears a "heavy burden" to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, Petitioner must still satisfy the standard set forth in Strickland. In regard to the second prong, Petitioner must demonstrate that she was prejudiced by ineffective assistance of counsel by showing "a reasonable probability

that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under these circumstances, Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

   1. Ground One

In this first claim, Petitioner contends he received ineffective assistance of counsel at sentencing because his counsel "did not litigate the draconian nature of the sentence exposure and the [advisory] guideline range for the possession of child pornography as opposed to the creation, production, or distribution of child pornography." (5:10-CV-00168, Doc. No. 1 at 4). Petitioner's argument is not supported by the record.

As recounted herein, Petitioner's counsel prepared extensively for the sentencing hearing by filing detailed objection to the PSR, and sentencing memorandum, psychological reports, and forensic reports. In the written submissions, the attorneys clearly addressed case law which provided support for their contention that Petitioner deserved a probationary sentence rather than

11

active imprisonment. In considering this argument, the Court finds that Petitioner has failed to demonstrate that the counsel was deficient, let alone that Petitioner was prejudiced. In sum, Petitioner's counsel presented sufficiently clear legal argument—in particular, emphasizing persuasive case law from other jurisdictions, and the advisory nature of the Guidelines, and the proposed balancing of the § 3553(a) factors. Moreover, Petitioner's counsel provided detailed testimony from health care professionals and family in support of a departure.

Finally, the Petitioner fails to show that the outcome of his sentencing hearing could have been different. The Court overruled each of Petitioner's objections as it pertained to the sentencing enhancements and Petitioner's present argument would have no effect on that determination were the Court ruling on the objections today. The Court considered the factors under § 3553(a), weighing each one based on the arguments and evidence before the Court, including the seriousness of the offense to which Petitioner pled. The Court noted that Congress had specifically determined that child pornography crimes were very serious and that the Sentencing Commission had concluded that a 120-month sentence was appropriate: "One of the key considerations the court applies is the determination established by the guidelines." (5:07-CR-00004, Doc. No. 32: Sentencing Tr. at 135-141). In rejecting the maximum sentence, however, the Court found that a sentence of 96-months was appropriate in this case. For the reasons stated, this claim for relief is denied.

2. Ground Two

Next, Petitioner argues that his trial counsel did not adequately address the disparity in sentences for defendants with similar charges involving possession of child pornography. (5:10-CV-00168, Doc. No. 1 at 5). This argument is rejected, mainly for the reasons stated in denying

relief under the first claim for relief. First, this argument does not present an accurate picture of the information that was before this Court prior to and during sentencing. The Court noted the written submissions filed by Petitioner's counsel and considered further during sentencing the argument regarding reduced sentences or even probationary sentences for defendants convicted of an offense similar to Petitioner's offense. Second, the Court finds, notwithstanding this rather conclusory argument, that the sentence that was imposed was sufficient in Petitioner's case, especially given the number of images at issue and the nature of these images. This argument will be denied.

    3.  Ground Three

In this argument, Petitioner contends that his counsel was deficient "for not challenging the due process implications of the guidelines in this case." (Doc. No. 1 at 7). This argument hardly differs in form or substance from the previous two claims of ineffective assistance of counsel. The Court first notes that Petitioner, while under oath during his Rule 11 hearing, averred that he had discussed the Guidelines with his counsel and that he understood how they might apply to his case. Next, Petitioner confirmed that his sentence could not be calculated until the PSR was completed and he and his counsel had an opportunity to comment upon, and lodge objections to the recommendations. Finally, Petitioner's counsel filed detailed objections regarding the various sentencing enhancements proposed in the PSR, and after considering the same, the Court found that each should be overruled based on the evidence of record in Petitioner's case and the definitions contained in the Guidelines. This argument will be rejected for the foregoing reasons.

    4.  Ground Four

The Government asserts that this argument—that Petitioner's sentence of 96-months violates due process—is foreclosed by the waiver contained in his plea agreement in which Petitioner agreed he could not contest his sentence through a collateral proceeding, or, in the alternate, that this claim for relief is procedurally defaulted. As the Government notes, the Fourth Circuit will enforce an appellate waiver of a defendant's right to challenge his sentence through a post-conviction proceeding, in this instance, so long as the defendant knowingly and voluntarily waived such a right. See United States Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary.").

The Court has examined the Rule 11 hearing, where Petitioner was present with counsel and placed under oath, and the Acceptance and Entry of Guilty Plea form signed by Petitioner. It is clear that based on Petitioner's sworn statements during the Rule 11 hearing, his signature on the Acceptance form, and his statements to this Court during his sentencing hearing, that Petitioner knew the important rights he was agreeing to waive through his plea agreement, including collateral challenges, in exchange for the Government's offer of the plea agreement. In examining the plea agreement, the Court notes that the Government only required that Petitioner stipulate to the two-level enhancement under USSG § 2G2.2(b)(6) for use of a computer to transmit the child pornography. The Government surely could have demanded further stipulations such as the number of proposed enhancements, to which his trial counsel later objected, but it chose not to, and Petitioner chose to accept the terms as negotiated by his counsel and the Government. Further, Petitioner's arguments that he makes here in support of relief-psychological treatment, counseling, lack of danger of recidivism, and his family background-

were each examined and given the weight the Court found to be appropriate in fashioning his sentence.

For the reasons stated, the Court finds that Petitioner knowingly and voluntarily waived his right to challenge his sentence in a collateral proceeding, whether on due process grounds or any other not related to ineffective assistance of counsel or prosecutorial misconduct, and this claim will therefore be dismissed.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that the claims in Petitioner's Section 2255 motion are without merit and accordingly, he is entitled to no relief in this collateral proceeding.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to dismiss is **GRANTED**. (Doc. No. 7).

**IT IS FURTHER ORDERED** that Petitioner's § 2255 Motion is **DENIED** and **DISMISSED**. (Doc. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issues a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: October 30, 2013

Richard L. Voorhees
United States District Judge